### THORNTON vs. MANSKER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Where the curator of the estate of the absent husband is appointed administrator of the succession of the deceased wife, and in his latter capacity provoked a meeting of creditors, and a surrender and sale of the whole of the community property : *Held*, that he assumed to do acts inconsistent with his duties in either character, and thereby rendered himself personally liable to a creditor of the husband, who was thereby prevented from levying on this property in satisfaction of his judgment.

The act of 1826, authorizing the surrender of insolvent estates, requires, that in cases where no person would assume to act as administrator under a regular appointment, that the creditors should be convoked to appoint syndics by whom the succession should be administered, as in case of an ordinary *cessio bonorum.*

In proceedings in cases of insolvent estates, service of notice on the attorney of the absent creditors, is insufficient as relates to creditors residing in the state. These are not absent creditors.

This is an action against the defendant as curator of the estate of one Willis Thornton, an absentee, to render him personally liable, and recover the sum of two thousand and ninety-nine dollars, with interest and costs, due by the said absentee.

The plaintiff alleges that the defendant was regularly appointed curator to the said absentee, and took into his possession to administer, according to law, all the property of which the latter was possessed, consisting of a valuable plantation, several slaves, and other effects. He further shows, that he obtained a judgment against the defendant as curator, in 1835, for the sum now claimed, which was owing and due to

16 .

him by the said absentee. That the defendant refuses to pay his claim, or to show any property on which to levy his execution, but states that there is none belonging to the estate he administers. The plaintiff alleges that the defendant has wasted the estate of the absentee, and so mismanaged it as to render him personally liable; and prays judgment against him individually for the amount of his claim.

The defendant excepted to the jurisdiction of the District Court, because he avers he was not only appointed curator of Willis Thornton, as an absentee, but that he was in 1834, by a decree of the Probate Court for the parish of East Baton Rouge, appointed administrator of the succession of Louisa Thornton, deceased, wife of the absentee. That all the property described in the petition of the plaintiff, belonged to the community of acquests and gains; and the community was much in debt; so much so, that as administrator by order of the Court of Probates, he called a meeting of the creditors of said community to deliberate on the terms of sale of the property. That in pursuance of the deliberations of the creditors, and an order of the Probate Court homologating the proceedings, all the property was sold at public auction; that the Probate Court has exclusive jurisdiction of the matters contained in the plaintiff's petition, and if its proceedings are null or illegal, they can only be set aside by action of nullity, or by appeal.

These exceptions were overruled by the district judge presiding, on the ground that the defendant was charged in the petition with having illegally sold and wasted the estate of Willis Thornton. The decision was excepted to.

An answer was then put in to the merits, similar to the exceptions filed, setting up the same matters in defence. He admits and avers, that as administrator of the succession of the deceased wife, he called a meeting of the creditors of the living but absent husband, (avering his estate was insolvent,) and in pursuance of their deliberations and an order of the Probate Court, the whole property was sold, &c.

Upon these pleadings and issues the parties went to trial. The plaintiff produced in evidence the record and judgment

which he had obtained against the curator of Willis Thornton, as an absentee, showing the amount of his claim.

The defendant, to justify himself, offered in evidence the mortuary proceedings had at his instance, as administrator of Louisa Thornton's succession in the Probate Court, in which proceeding a forced surrender of the property of Willis Thornton was obtained, to any or all of which proceedings, the plaintiff, James Thornton, was no party. The defendant further offered in evidence the records of certain suits, to show the indebtedness of Willis Thornton, which made it his duty, as administrator, &c., to call a meeting of the creditors, not of Willis Thornton, but the creditors of the community of Louisa and Willis Thornton. To the introduction of all of which evidence the plaintiff's counsel objected, because, said proceedings being had by the defendant as administrator of Louisa Thornton's succession, was not binding on Willis Thornton or his creditors; that as curator to Willis Thornton as an absentee, he could not legally provoke a forced surrender of his property to satisfy the creditors of Louisa Thornton, or of the community. That as the plaintiff is no party to these proceedings, he is not concluded by them; and as the plaintiff has not attacked the proceedings of the defendant as administrator, &c., they cannot be introduced collaterally, so as to justify the waste and mismanagement of the property of Willis Thornton by him, as curator of the estate of an absentee. But the court admitted the evidence, and a bill of exceptions was taken.

The district judge was of opinion the plaintiff failed to make out his case, and rendered judgment in favor of the defendant. The plaintiff appealed.

Elam, for the plaintiff.

Conrad, contra.

Bullard, J. delivered the opinion of the court.

The plaintiff alleges that the defendant was appointed curator of one Willis Thornton, an absentee, who was his

EASTERN DIST. debtor in a sum of upwards of two thousand dollars, and who

June, 1836. left a large plantation and some slaves in the parish of East

THORNTON Baton Rouge, to be administered by the defendant. That
vs. he had obtained a judgment against the absentee by regular
MANSKER. proceedings against his curator. He alleges that an exe-
cution was issued on his judgment, and the defendant
answered that no funds, right, or credit in his hands, nor any
property moveable or immoveable, except such as were sub-
ject to liens and privileges superior to his. He avers that
if such be the fact, it is because the defendant has illegally
disposed of, and wasted the property confided to his care, and
has made himself personally liable to pay his judgment.

The defendant, after setting up an exception to the juris-
diction of the District Court, which was overruled and not
now insisted on, filed an answer to the merits, in which he
admits that he was appointed and acted as curator of the
absentee; but he alleges, that he was afterwards duly
appointed administrator of the succession of Louisa Thornton,
the wife of the absentee; that all the property mentioned in
the plaintiff's petition belonged to the community of acquests
and gains existing between Thornton and his wife, and subject
to the payment of the community debts, that the community
was deeply in debt, and, indeed, insolvent. He further alleges,
that as administrator of Louisa Thornton's estate, he provoked
a meeting of the creditors of said Louisa and her husband, to
deliberate upon the necessity and propriety of selling the
common property, and to determine the terms of sale. That
a meeting of the creditors was held, and it was determined
to sell the property on credit. That their proceedings were
duly homologated by the Probate Court, and that in pursu-
ance of a decree of said court, the whole property was sold.
The defendant further avers, that if those proceedings were
illegal and null, which he denies, such illegality or nullity
can only be shown by an action of nullity, or by appeal to
the Supreme Court. He denies the authority of the District
Court to revise, modify or annul any judgment or decree of
the Court of Probates. He further avers, that if these pro-

ceedings were irregular and illegal, such illegality is not imputable to him, he having in all his actings and doings conformed to the advice of his counsel, and to the orders and decrees of the Court of Probates, having jurisdiction of the premises.

The substantial facts alleged, both in the petition and answer, are proved. It appears that the absentee, Willis Thornton, was still alive when his wife died, and for aught that appears, is yet living; and that the defendant continued to act as his curator. It further appears, that after the sale of all the property, at the instance of the defendant, the purchaser procured a monition under the act of 1834, and the proceedings were finally homologated by the Probate Court.

It is manifest that when the plaintiff recovered his judgment against the absentee, the defendant had under his charge, as curator, sufficient property to satisfy it, and that the same property is now beyond the reach of an execution; and the question presented in this case is, whether the defendant by mal-administration and waste, has rendered himself liable. The District Court solved this question in the negative, and this court is now called on to reverse that judgment.

The death of Mrs. Thornton did not in our opinion put an end to the functions of the defendant as curator of the absent husband, and he was still bound to retain and administer the property. On the death of the wife, her heirs had a right to one-half of the property composing the community, on their acceptance of it, either tacitly or expressly, subject to the payment of the debts. This gave them at most a right to have a partition between them and the surviving husband. The debts were debts of Willis Thornton, and not the debts of the wife until her heirs became liable, by acceptance of the community, or intermeddling with the property. Admitting that when the defendant undertook to administer on the estate of the deceased wife, he assumed to do nothing incompatible with his duties as curator of the absent husband, yet, when he in the former capacity provoked a surrender of the property, as it is called in the record, and a sale of the whole,

*Where the curator of the estate of the absent husband is appointed administrator of the succession of the deceased wife, and in his latter capacity provoked a meeting of creditors, and a surrender and sale of the whole of the community property: Held, that he assumed to do acts inconsistent with his duties in either character, and thereby rendered himself personally liable to a creditor of the husband, who was thereby prevented from levying on this property, in satisfaction of his judgment.*

EASTERN DIST.
June, 1836.

THORNTON
vs.
MANSKER.

The act of 1826, authorizing the surrender of insolvent estates, requires, that in cases where no person would assume to act as administrator under a regular appointment, that the creditors should be convoked to appoint syndics, by whom the succession should be administered as in cases of an ordinary cessio bonorum.

as was done in this case, he assumed to do acts which were inconsistent with his duties in either character. The act of 1826, which first authorized the surrender of insolvent estates, required, that in cases where no person would assume to act as administrator under a regular appointment by the Probate Court, the creditors should be convoked to appoint syndics, by whom the succession should be administered as in the case of an ordinary *cessio bonorum*. 2 *Moreau*, 439, *sec.* 7, 8.

In the present case no syndics were appointed. On the contrary, the whole proceedings appear to have been carried on in the name of the defendant as administrator, under his appointment by the Court of Probates. If he was administrator, he was bound by law to administer the succession according to the rules established by the Code, and nothing authorized him, in any capacity, to sell the property belonging to the absent husband.

But it is contended that the court could not collaterally inquire into the validity of these proceedings of the Court of Probates, and that they must stand until annulled or reversed. That may be true in relation to the parties and those who may have acquired title under such proceedings; but we are at a loss to know in what sense of the word the plaintiff was a party or assented to these proceedings. He was a creditor of Willis Thornton, and had nothing to do with the succession of his wife. He appears to be a citizen of West Feliciana; and the only notice to attend the meeting of creditors for the purpose as set forth in the notice, of deliberating on the terms of sale of the property of the succession, was served on an attorney appointed to represent the absent

In proceedings in cases of insolvent estates, service of notice on the attorney of the absent creditors, is insufficient as relates to creditors residing in the state. These are not absent creditors.

creditors. Creditors who live in the state are not absent. But the question in this case is not whether these proceedings be valid and legal as relates to the title of the property, but, whether the defendant, by his acts, has put it out of the power of the plaintiff to obtain payment and satisfaction of his judgment by levying on the property of the absent debtor, and has mismanaged the estate to the prejudice of plaintiff. It has been urged that if these proceedings are

void, then nothing prevents the plaintiff from proceeding to obtain payment; for if the property of Willis Thornton has not been validly alienated, it is still his, and subject to be sold to satisfy the plaintiff's execution. But this would make it necessary at least to proceed by action against the purchasers at the probate sale, who have already a judgment homologating all the proceedings; and it appears that the defendant as curator of the absentee, made no opposition. We are of opinion, that the defendant having frustrated the plaintiff in the legal pursuit of his rights, cannot now be permitted to turn him round to a tedious and perhaps doubtful litigation, with persons whose title to the property is founded on proceedings provoked by himself; and that by such illegal disposition of the property of the absentee, he is liable to pay the debt in question.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and proceeding to render such judgment as in our opinion ought to have been given below, it is further considered and adjudged, that the plaintiff recover of the defendant the sum of two thousand and ninety-nine dollars, with five per cent. interest from the 1st day of January, 1834, and the costs of the suit of James Thornton, vs. J. Mansker, curator of Willis Thornton, together with the costs of this suit in both courts.