No. 14,022.

JOSEPH WEILL & CO., IN LIQUIDATION, VS. THOMAS D. KENT, ET ALS.

### SYLLABUS.

1.   The purchaser of a growing crop being charged with presumptive knowledge of the existence of the privilege of the furnisher of supplies resting upon it, allegations of his having had actual knowledge of such privilege are unnecessary and surplusage, and the disproof of such allegations does not affect the case one way or another. If the petition in the case contained a cause of action previous to such disproof, it still does so.

2.   A debt "for money and necessary supplies to . make the crop" is privileged on the crop.

APPEAL from the 20th Judicial District Court, Parish of Lafourche.—*L. P. Caillouet, Judge.*

*Beattie & Beattie,* for Plaintiffs, Appellees.

*Howell & Martin,* for Defendants, Appellants.

The opinion of the Court was delivered by

PROVOSTY, J.  When this case was before us the first time, see 52 Ann., 2139, we held that the furnisher of necessary supplies' privilege "on the crops of the year and the proceeds thereof," is not divested by a sale, private or judicial, of the plantation while the crop is growing; but that the crop passes to the purchaser subject to the privilege; and we held that the privilege need not be recorded in order to affect third persons, the crop *quoad* the privilege being a movable, and privileges on movables not needing to be recorded.  Furthermore, following the doctrine of the cases of Welsh vs. Barrow, 3 Ann. 133, and Garcia vs. Garcia, 7 Ann. 526, we held that this privilege can be enforced in a personal action against the purchaser of the plantation and detainer of the crop or its products.

Under the application of these principles, the purchaser is charged with presumptive knowledge of the existence of the privilege, and, since this presumptive knowledge takes the place of actual knowledge, and has the same effect in law, the question of actual knowledge *vel non* becomes entirely immaterial.  Hence, the allegations that the defendants in this case had such actual knowledge, and that they induced the plaintiffs not to record their privilege, were unnecessary and

did not affect the case one way or another, and their elimination by disproof has not affected the case one way or the other, and has not made an opening for the contention now urged that the defendants, in the absence of privity of contract between them and the plaintiffs, cannot be held in the present form of proceeding. Whether the defendants can be so held must be considered as settled by the decision on the first hearing, which was that the petition contains a cause of action.

On the other points in the case we will say, generally, that the evidence fully establishes that the crop was sufficient to pay plaintiffs' claim, together with all other claims having concurrent right; and that, since there can be no denial that up to the amount shown by the document marked P—2, in the record, the advances consisted of necessary supplies of money advanced to make the crop, the claim, up to said amount, is privileged on the crop.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs in both courts.