MAUREPAS MILLING CO.

vs                   No. 7406.

OPDENWEYER - GEORGE
   LUMBER CO.
       Appellants.

**Syllabus.**

December 23rd. 1918.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for the value of lumber alleged to have been appropriated by the defendant without authority.

The petition alleged that during the year 1913 and during January 1914 the plaintiff delivered into the possession of the defendants, for their mutual convenience, at the lumber landing of the defendants, on the New Basin Canal, 22571 feet of lumber which the defendants refuse to return or to account for; that the value of said lumber is thirty dollars per thousand feet or a total of $677.13; the plaintiffs claim judgment for a return of said lumber or in default thereof for its value.

Defendants were cited October - ~~122195~~ - They pleaded the prescription of one year, and for answer denied all the allegations of the petition.

The exception was overruled and there was judgment in favor of the plaintiffs for $677.13 with legal interest from judicial demand.

Defendants have appealed. They have not favored us with any authority on their exception of prescription, nor have the plaintiffs. We presume the defendants rely upon Article 3536 (3501) of the Civil Code which reads as follows:

"The following actions are also prescribed by one year: x x x that for damages x x resulting from offenses or quasi-offenses".

In the case of the Liquidators of the Prudential Savings and Homestead Society No. 7169 of this Court we said:

113

> "Where the unlawful act of one person sim-
> ply damages another without resulting benefit to
> the wrongdoer there is a simple tort, and the ac-
> tion for reparation is prescribed by one year.
> Where the unlawful act of one person not only dam-
> ages another but also enriches the wrongdoer, there
> arises an action both ex delicto and quasi ex con-
> tractu, and the action to recover the unlawful gain
> is barred only by the prescription of ten years".

The Court cited many authorities in support of its
opinions. The following seem to apply to this case, 11 A.,
277; 19 A., 491; 23 A., 142; 32 A., 1091.

In Heirs of Burney, 47 A., 92, the Supreme Court
said:

> "Therefore in the action to annul, coupled with
> a demand for the price of the thing alienated, we do
> not think that the restitution demanded has any ele-
> ment of damages in it, and is not covered by the
> prescription of one year. x x x The obligation of
> defendants to restore the thing, the fruits and the
> revenues, or the price, in case they have alienated
> it, results not from an offence or quasi-offence
> but from a quasi-contract".

There is no inconsistency in claiming the thing or
its value. 15 A., 293; 124 La., 680.

The case of Morgan's La. & T. R. Rd., 119 La., 392,
was one by attachment to recover money fraudulently obtained
from the plaintiff. The defense was that no attachment could
issue from obligations arising ex delicto. The Court said the
cause of action was not one arising ex delicto. Said the
Court, p. 404: "Thus, if a thief steals a watch or other arti-
cle of property, he subjects himself to arrest, trial and pun-
ishment in the enforcement of the criminal laws of the State,
but he likewise opens to the owner of the watch the right to
have recourse to a civil action for its recovery, and that ac-
tion is not one ex delicto. x x x p. 408: If plaintiffs' money
was unduly taken from him as alleged by him, he had the choice

of two remedies - one ex delicto for damages, and one under
the law authorizing him to recover the money itself which
had been taken from him. x x x  The plaintiff in this suit
is not seeking damages from the defendant.  It is suing for
the recovery of the precise amount of money belonging to it
which it alleges was unduly received by the defendant. xx
The tendency of the Courts is to construe the action as one
on an implied contract when necessary to support the remedy".

We are therefore of the opinion that the action in
this case is not one arising from an "offense or quasi-offense",
and that the prescription of one year does not apply.

The first question that presents itself upon the merits
is, was the lumber claimed by plaintiff ever delivered into
the possession of the defendants?

The established and uncontradicted facts of the case
are that W. J. Comerford had a contract to put up some revet-
ments at West End; the lumber to do the work was sold to him
by the Maurepas Milling Company; it was to be delivered to him
on the landing of the defendants serving their yard; the defen-
dants were under contract with Comerford to haul the lumber
thus delivered upon their landing to the mill of the Reiman
Manufacturing Company, where it was to be dove-tailed, and
the defendants were then to haul the lumber to West End, to be
there put in position; for all of which the defendants were to
be paid by Comerford $2.00 per thousand.

Plaintiffs made three shipments and deliveries upon
defendant's landing; the first two shipments were received by
Comerford and hauled away, but he paid only for the first one;
therefore the plaintiffs notified the defendants not to allow
the removal of the third shipment until it had been paid for;
and defendants notified Comerford who thereafter removed none
of the lumber.  It is also satisfactorily proven that the defen-
dants sold all the lumber delivered ~~for account of Comerford~~,
a part of it at the rate of $30.00 a thousand for $173.52.

Independently of this proof, we held in the case of
Underwood Typewriting Co. vs Vatter No.7067 that where it

115

■

is proven that property of plaintiff was at one time in the possession of the defendant, the burden was upon him to show what had become of it; this defendants have failed to show.

But we are not of the opinion that the plaintiffs can claim as owners of the lumber. They had sold and delivered it to Comerford, and the defendants were in possession of it for his account. Plaintiffs had no right to ignore the sale and to resume ownership on the ground of non payment of the price, by merely notifying defendants of that fact and stopping further removal of the lumber. A sale is not rescinded of right by the mere failure to pay the price, in the absence of agreement of the parties, and this is not shown here.

C. C., 2046 (2041) "A resolutory condition is implied in all commutative contracts, to take effect, in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of contract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance".

Article 2561 (2539): "If the buyer does not pay the price, the seller may sue for the dissolution of the sale". C. N. 1654.

A sale is not dissolved of right by the failure of pay the price; a suit and judicial action are necessary. 4 Fuzier - Hermann p 156 No. 121 - 43 Dalloz Rep. Leg No. 1258 1259, 1264 - 24 Laurent 341 - 2 Trop Vente No. 665 - 3 Baudry - Lac p 362 - 575. *38 Cyc 2021-35 Cyc 506 (e) - 1 Baudry-Lac p 481 8/547 -*

However the plaintiffs had a vendor's privilege upon the lumber sold by them for the price due to them, and to the extent of that price they have a cause of action against the defendants.

In the case of Roger vs Milliken No. 6805 we decided that where factors receive and sell sugar upon which an overseer has a privilege for salary superior to theirs, and appropriate the price to themselves, that they will be liable to pay

the overseer the salary due to him up to the amount of the price received by them. 48 A., 686; 85 U. S., 544.

In Seelig vs Dumas, 48 A., 1494, the plaintiff had leased to Theresa Hamilton a lot of furniture; the defendant removed the furniture to his store, sold it and appropriated the proceeds. The Court said, p 1498:

"Granting that they evidenced an absolute sale as he declared them to have been, he (the defendant) knew that a large portion of the price which had been fixed between Theresa Hamilton and the plaintiff was still unpaid and stood secured as to payment by vendor's privilege, and he deliberately and intentionally with a view of benefitting himself and cutting off plaintiff's privilege, purchased the furniture, and withdrew it from plaintiff's pursuit". Quoting 10 La., 121; 8 R., 428; 12 R., 20 - See also 6 A., 478; 3 A., 133; 13 A., 443; 22 A., 438; 52 A., 2147.~*38 Cyc 2028 (e) V= Trover + Conversion*

In Weil vs Lapeyre and Mechanics & Traders Insurance Co., 38 A., 306, 310, the Supreme Court recognized the right of a mortgage creditor to recover from a third person the value of mules removed from the plantation mortgaged by such third person who "sold them and pocketed their proceeds".

In the case of Hyman vs Hibernia Bank, 139 La., 411 the Supreme Court held that parties who had removed the contents of leased premises, sold them and appropriated the proceeds were liable to the payment of the lessor's privileged claim for rent on such contents, quoting a long line of authorities.

The cases in 3 A., 133 and 48 A., 686 were affirmed in 52 A., 2147, 2148 and in 107 La., 322. See also 47 A., 742; 117 La., 163; 131 La., 379.

In quoting the case of Hyman vs Hibernia Bank and others, we must not be understood to intimate that there was any conspiracy with any one or intentional wrong committed by the defendants, but only to confirm the principle we advanced that

117

persons who sell the property of another or upon which another has a privilege must account for the price. *38 Lyc 2026 no 3-*

The plaintiffs had sold the lumber to Comerford at $20 a thousand. That is the extent of their claim. We are satisfied that defendants sold it for as much, if not for more.

It is therefore ordered that the judgment herein in favor of the plaintiffs be reduced from Six Hundred and seventy-seven 13-100 dollars to Four Hundred and fifty one 42-100 dollars, and as thus amended, that it be affirmed, costs of appeal to be paid by plaintiffs.

December 23rd. 1918.