No. ——

First Circuit

SAULS v. BRACY

(June 26, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Agriculture—Par. 12, 23.

Act 66 of 1874 does not affect the privileges provided by Article 3217 of the Civil Code to the furnisher of supplies for crops, nor does it make it necessary for those privileges to be recorded to have effect.

Appeal from the Twenty-first Judicial District, Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by M. N. Sauls against M. L. Bracy. Onville Lumber Co., intervenor.

There was judgment for intervenor and plaintiff appealed.

Judgment affirmed.

M. J. Allen, of Amite, attorney for plaintiff, appellant.

Reid & Blache, of Amite, attorneys for defendant, appellee.

ELLIOTT, J. A furnisher of supplies intervened in a seizure, claiming a privilege on the crop seized, which outranked that of the seizing creditor. The seizing creditor denied that intervenor had furnished necessary supplies to make the crop. That if any were furnished they were paid for. That intervenor had no privilege under the law because it was not recorded. That the privilege of a "furnisher of supplies" must be recorded; otherwise there is no privilege.

From a judgment in favor of intervenor the plaintiff appeals.

M. N. Sauls, a judgment creditor of M. L. Bracy, seized Bracy's share of a crop in the execution of a judgment against him. The crop was being gathered at the time. Onville Lumber Co., Inc., filed a third opposition and intervention, claiming to be a creditor of Bracy's "for necessary supplies" advanced him to enable him to make the crop and that a privilege existed on the crop in its favor, to the extent of its advances, which entitled intervenor to have the proceeds of the crop by preference over the seizing creditor. The evidence shows that intervenor did make advances to Bracy to enable him to make the crop as alleged in its petition, but the trial court found that the privilege claimed by intervenor existed only to the extent of $101.25, and his finding is not questioned in that respect. The evidence shows that Bracy was an employee of Onville Lumber Co., Inc., working in its store as clerk and bookkeeper, appears to have been the practical manager of the store. He charged himself with the goods advanced, made out the account sued on against himself, etc. The plaintiff thought the defendant and the intervenor was about one and the same party and there was ground for

suspicion, but the evidence satisfies us, as it did the District Court, that intervenor is justly a creditor of the defendant as alleged in its petition, and that it has not been paid. Plaintiff claims that intervenor has no privilege as "furnisher of supplies" because its privilege was never recorded. The privilege of the furnisher of necessary supplies, etc., is created by the Civil Code Art. 3217, No. 1. This article starts out making the crop movable on which advances of the kind provided for by the article have been made. The article provides that:

"The privilege hereinabove granted * * * to the furnisher of supplies and the party advancing money necessary to carry on any farm * * * shall not be divested by any prior seizure and sale of the land while the crop is on it."

Privileges exist on movables without registry until the law provides otherwise. Constitution, Art. 19, Sec. 19. There is no law that requires privileges of the kind provided for by the Civil Code, Art. 3217, to be recorded. The Act 66 of 1874 is independent legislation which requires registration when the provisions of that act are invoked. It does not make it necessary for the "furnisher of necessary supplies, etc.," under the Civil Code, Article 3217, to have the privilege recorded which this article creates. See Flower & King vs. Skipwith, 45 La. Ann. 895, 13 South. 152; Hewitt vs. Williams, 47 La. Ann. 742, 17 South. 269; Weill vs. Kent, 52 La. Ann. 2139, 28 South. 295; Weill vs. Kent, 107 La. 322, 31 South. 761; National Bank of Commerce vs. Sullivan, 117 La. 163, 41 South. 480; Purity Feed Mills Co. vs. Moore, 152 La. 393, 93 South. 196.

The judgment appealed from is correct. Judgment affirmed, plaintiff and appellant to pay the cost of appeal. The cost in the lower court to be paid as directed in the lower court.