## COFFEY v. PICKETT (BRANNON, Intervenor).

### No. 1991.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Cline, Thompson & Lawes, of Lake Charles, for appellant.

T. Arthur Edwards, of Lake Charles, for appellees.

DORE, Judge.

On December 2, 1937, plaintiff filed his petition alleging that the defendant was indebted to him on one certain promissory note, dated May 8, 1937, due six months after, date, in the principal sum of $250 and bearing eight per cent per annum interest from maturity; that the said note represented the value of moneys, goods and supplies advanced by plaintiff to assist defendant in making his crop of 1937 and was secured by a crop lien given under the provisions of Act No. 66 of 1874, § 1, as amended by Act No. 93 of 1922, duly recorded May 8, 1937, covering rice grown on certain lands in Calcasieu Parish during 1937. In the suit, plaintiff sequestered 192 bags of rice belonging to defendant and grown by him in 1937 on the said lands.

On January 17, 1938, a judgment by default was rendered in favor of the plaintiff and against the defendant, and the sequestered rice was duly advertised and sold by the sheriff for the sum of $505.

After the judgment was rendered, but prior to the sheriff's sale, one C. E. LeBoeuf filed a petition of intervention and third opposition, claiming by preference the sum of $199.25 with legal interest from judicial demand for labor performed by him in raising and harvesting the said rice crop. After the sheriff's sale, but before distribution of the proceeds, Eli Jones filed a petition of intervention, setting forth a preferred claim in the sum of $83 plus legal interest from judicial demand for labor performed by him in the making of the said rice crop; and on the same day, J. S. Brannon filed his petition of intervention, claiming a preference on the proceeds from the sale of the rice, on the ground that defendant was indebted to him in the sum of $224.50, represented by 50 sacks of rice seed of the value of $182.50 furnished by him to defendant in the planting of the crop, and $52 advanced by him in the payment of a note of defendant, which he had endorsed, and the proceeds from which had been used by defendant in paying labor in the making of the crop, less a credit of $10.

By agreement of all the parties, the claims of intervenors LeBoeuf and Jones for labor were recognized as having preference over the claims of plaintiff and intervenor Brannon, and judgment was accordingly rendered decreeing the payment of these two claims out of the proceeds from the sale of the rice, and they are no longer an issue in the case.

The plaintiff filed an exception of no cause of action to the intervention of Brannon, which exception was first sustained by the trial judge, but on rehearing was overruled.

Thereafter, issue was joined on Brannon's intervention, and an agreement as to the facts involved was entered into by counsel as follows: It was agreed that the judgment in favor of plaintiff in the amount of $250 plus 8% interest from November 8, 1937, was correct as to amount and was for materials furnished in the planting and harvesting of the rice crop. It was further agreed that intervenor

Brannon furnished rice seed to defendant, for the planting of the crop, of a total value of $182.50, subject to a credit of $10 for pasture stubble furnished by defendant to Brannon; and that defendant borrowed on his note the sum of $50 which he used in the payment of labor in making the crop, and that Brannon, who was an endorser on defendant's note, paid the principal of $50 due thereon plus $2 for interest.

The district court rendered judgment in favor of plaintiff in the amount of $250 with 8% interest per annum from November 8, 1937, and in favor of intervenor Brannon in the sum of $224.50 with 5% interest from date of judicial demand (said judgment in favor of Brannon being in rem only against the funds derived from the sale), and decreed that the entire claim of plaintiff and $172.50 of the claim of Brannon (representing the amount of rice seed furnished less the credit of $10) be paid proratably out of the proceeds from the sale of the rice; the lien and privilege of Brannon as furnisher of the rice seed being recognized as equal to the lien and privilege of plaintiff under his duly recorded crop lien. The plaintiff alone has appealed.

As the judgment did not recognize the claim of Brannon for $50 and interest paid by him as being of equal rank with the claim of plaintiff, and as Brannon has not appealed, nor answered the appeal, asking for an amendment of the judgment in this respect, the only question before this court is the rank or preference of plaintiff's claim under his recorded crop lien and that of Brannon for rice seed furnished defendant.

The claim of Brannon for a preference is based on Civil Code, · Article 3217, which gives a privilege to the furnisher of supplies on the crops of the year. However, Act No. 89 of 1886, which fixes the rank of privileges and pledges on crops, gives the holder of the crop pledge under Act No. 66 of 1874, as amended, a preference over the furnisher of supplies and money under the article of the Code relied upon by intervenor Brannon.

The question herein is the rank of the privilege on the crop and does not concern the question of the preservation of the privilege. The provision of the Constitution, cited by the intervenor, provid-

ing that privileges on movables shall exist without registration, has no reference to the laws fixing the rank of privileges on movables. The privilege on the crop given the furnisher of supplies under Article 3217 of the Civil Code exists without registration, but the pledge given on the crop by Act No. 66 of 1874, as amended, primes that privilege under the provisions of Act No. 89 of 1886 fixing the rank of liens on crops.

Intervenor Brannon relies on the decision in Southern Grocer Company v. Adams, 112 La. 60, 61, 36 So. 226, and Flower & King v. Skipwith, 45 La.Ann. 895, 13 So. 152, wherein it was held that the unrecorded privilege of one furnishing materials to make a crop primed even a recorded lien of a subsequent furnisher of supplies. These decisions, however, were directly overruled in the case of Maxwell-Yerger v. Rogan, 125 La. 1, 51 So. 48, 52, wherein the court states: "The act in question [Act No. 89 of 1886] was somewhat differently interpreted in the case of Flower & King v. Skipwith, [supra], but the soundness of the conclusion reached in that case was questioned in the case of Southern Grocer Co. v. Adams [supra], and *we now feel constrained to overrule it.*" (Italics ours.)

Intervenor contends that the Maxwell-Yerger case is not applicable herein, since it was decided prior to the adoption of the provision of the Constitution of 1921 (Art. 19, § 19) with reference to the preservation of privileges, but, as stated hereinabove, the Constitutional provision does not have reference to the ranking of privileges, and, moreover, the same provision was contained in the Constitution of 1898 which was in effect at the time of the decision in the Maxwell-Yerger case. Furthermore, the ruling in Maxwell-Yerger v. Rogan was approved in Regional Agricultural Credit Corporation v. Elston, Prince & McDade, La.App., 183 So. 91, 96. See, also, Louisiana Farm Bureau Cotton Growers' Co-op. Ass'n v. Clark, 160 La. 294, Syllabus 12, 107 So. 115.

The cases of *Purity Feed Mills Co. v. Moore*, 152 La. 393, 93 So. 196, and *Sauls v. Bracy*, 4 La.App. 587, cited by intervenor, and by the trial judge in· his decision overruling the exception of no cause of action, are not applicable herein, and no way overrule the Maxwell-Yerger case, for the reason that the question of a contest between crop lien holders and unre-

corded privilege holders was not at issue in those cases.

For the reasons assigned, it is ordered that the judgment appealed from be amended by recognizing plaintiff's claim in priority over intervenor Brannon's claim, with costs, and as thus amended, the judgment is affirmed.