Plaintiff brought this suit to recover damages sustained in an intersectional automobile collision, and defendant reconvened in damages. There was judgment rejecting the demands of both plaintiff and defendant, from which judgment plaintiff appealed, and the defendant answered.
The facts show that at about 9:45 A.M., December 11, 1943, plaintiff was driving a 1941 Chevrolet automobile north on Creswell Street in the City of Shreveport, when, at the intersection with Wilkinson Street, there was a collision with a 1930 model Chevrolet automobile, which was being driven east on Wilkinson Street by the defendant.
We have found little difficulty in reaching the conclusion that the judgment of the lower Court is correct, and find it unnecessary to go beyond the testimony of plaintiff and defendant respectively in order to amply justify such result.
Creswell Street is a right-of-way thoroughfare, so designated by city ordinance, which requires all traffic on intersecting streets to come to a stop before crossing same. Defendant properly brought her automobile to a stop on Wilkinson Street, and, according to her testimony, looked carefully in both directions north and south along Creswell. Defendant repeatedly testified on trial of this case that she did not observe any traffic whatsoever on Creswell Street approaching the intersection for a distance of several hundred feet in either direction This testimony was, to a degree, rebutted by the introduction of defendant's signed statement, given a short time after the accident, in which she declared that she had seen a car approaching the intersection several hundred feet to the south. In our minds this minor discrepancy is unimportant. Defendant proceeded to enter the *Page 144 
intersection at a speed of about five miles per hour and did not see plaintiff's car until the moment of impact, which took place a few feet beyond the center of the intersection.
Plaintiff testified that he was proceeding at a speed of about twenty-five miles per hour and that he did not see defendant's automobile until it was about six feet away.
There is no testimony which would indicate the existence of any obstruction which would have interfered with the view of either plaintiff or defendant had either been keeping a proper and reasonable lookout.
The only possible conclusion which may be drawn from the facts as testified by plaintiff and defendant is to the effect that plaintiff, driving at a reasonable speed on a right-of-way street, could have seen, but did not see, defendant crossing the intersection until her car was almost upon his own, and that defendant made no attempt to continue a lookout for traffic on Creswell Street despite the fact that at a speed of five miles an hour she could have brought her car to an almost immediate stop upon observing a vehicle approaching the intersection.
The actions of the defendant in this case are strikingly similar to those of the plaintiff in the case of Mese v. Summers et al., La. App., 170 So. 510, 512, in which the Court made the following observation:
"Although plaintiff was entering and crossing a right of way street, yet he admits that he did not see this yellow cab coming toward the intersection until he was struck north of the center. Obviously, he was not keeping a proper lookout. The driver of a car crossing a right of way street must exercise that degree of care commensurate with the superior right of the driver on the right of way street. This implies that the driver, when crossing a right of way street, must exercise care in observing the cars on the right of way street so as to determine the speed, position, and manner of operation."
In the case of Arline v. Alexander, La. App., 2 So.2d 710, 712, Judge Taliaferro made the following pertinent observation:
"To stop before entering a right-of-way street but discharges half the duty imposed upon a motorist. This action must be followed by careful observance of traffic conditions on the right-of-way street and no entry thereon made unless conditions clearly warrant it. To fail to see what may be seen in such circumstances on casual inspection amounts to gross negligence, and loss or injury arising from such failure falls upon the guilty person or persons."
Plaintiff in this case is barred from recovery despite the negligence of defendant by the fact that he, too, was guilty of the same character of negligence in failing to keep' a proper lookout and to see what he should have seen. In Stuckey v. Hayden, La. App., 3 So.2d 443, the Court stated this rule of caution to the effect that the right-of-way which a motorist is accorded on a through street did not confer upon him the correlative right to ignore the rights of others.
[1] A long and constantly increasing number of cases is authority for the proposition that in the eyes of the law a motorist must be held to the duty of seeing what he should have seen. Some of the later pronouncements on this point are found in the cases of Martin v. Missouri Pac. Transp. Co., La. App., 172 So. 558; General Exchange Ins. Corporation v. Carp, La. App., 176 So. 145; Jackson v. Cook, 189 La. 860, 181 So. 195; Boudreau v. Louviere, La. App., 178 So. 173; Austin v. Baker-Lawhon Ford, Inc., La. App., 188 So. 416; Mathews v. Hayne, La. App., 189 So. 462; Schexnaildre v. Bledsoe, La. App., 194 So. 45; Hartford Fire Ins. Co. v. Romero, La. App.,5 So.2d 208.
It is evident that neither plaintiff nor defendant saw what could and should have been seen. It is further evident that either plaintiff or defendant could have avoided the accident by exercising even a normal and reasonable degree of care.
[2] In our opinion both parties were guilty of concurrent negligence, which joint negligence was the proximate cause of the accident, and, consequently, neither is entitled to recover.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 145