Alleging that he was on a right-of-way street, traveling at a lawful rate of speed, and that defendant collided with plaintiff after proceeding into an intersection at a speed of more than 45 miles an hour and in disregard of plaintiff's right-of-way, plaintiff sued for $255.85 damages to his Ford Tudor sedan.
Defendant denied negligence on his part; asserted that he had entered the intersection at the time plaintiff reached the same; that the accident was due to plaintiff's excessive speed and his failure to keep his car under control. He asked for judgment in reconvention for $105.00, the amount of damage to his Ford truck.
From a judgment rejecting both demands and dividing the costs equally between plaintiff and defendant, plaintiff appealed.
An ordinance of the Town of Ruston designates West Alabama Avenue, the street on which plaintiff was driving, as a right-of-way street. The record shows that the collision occurred in the northwest quarter of the intersection of Alabama Avenue and Homer Street; that plaintiff, driving west, entered the intersection from Alabama Avenue (the preferred street) and that his sedan struck the side of defendant's truck on its right side after the defendant had entered the Alabama Avenue intersection driving north on Homer-Street.
The trial judge, in a well-considered written opinion found that each car was visible to the occupants of the other car for a distance of at least 75 feet from the intersection and held both plaintiff and defendant guilty of negligence in failing to keep a proper lookout for traffic approaching the intersection and that the negligence of each contributed to and was a proximate cause of the accident. Plaintiff's demands *Page 153 
were rejected as were defendant's in reconvention. The plaintiff appealed.
Plaintiff testified that he approached the intersection "around 30 miles an hour," and that he first saw the truck as he was entering the intersection, applied his brakes and cut short to the right but was unable to avoid the collision. He estimated the speed of defendant's truck as 30 to 35 miles an hour (although his petition alleged the speed in excess of 45 miles an hour), and testified he got his "first glimpse of the defendant when he was 10 or 15 feet from the intersection."
The defendant testified that he did not see the plaintiff's car until after it hit him; that he was making only 10 or 15 miles an hour and admitted that, after the accident, he had stated he was in a hurry. He explains the fact that his car went 50 to 75 feet after the collision by stating that the impact of plaintiff's car caused him to lose control of his truck.
Mr. Holland, a passenger in the plaintiff's car, estimated plaintiff's speed to be 30 to 35 miles an hour and that of the defendant to be about the same. When asked who entered the intersection first, he stated, "they were at the same place and same time and I did not see them until they hit." He further testified that as the parties were traveling, defendant, on Homer Street, could have seen plaintiff's car 75 feet away from the intersection, and that plaintiff could have seen defendant the entire block prior to his entering the intersection. The record shows that at the moment of the impact, defendant's truck, which was struck on the right side by the front of plaintiffs car, had traversed a longer distance from its point of entry into the intersection than had plaintiff's car from its point of entry. Since the cars were traveling at approximately the same speed, it follows that defendant's truck entered the intersection either ahead, or at the same time as plaintiff's car. We conclude that the defendant entered the street intersection at the same time or slightly ahead of plaintiff but that he was guilty of negligence in failing to observe the traffic approaching the intersection especially as it was from the favored street and in not seeing plaintiff until the moment of impact and taking no steps to avoid the imminent collision.
The plaintiff was guilty of negligence in not observing that the defendant had entered or was entering the intersection and sooner taking steps to avoid the collision.
Although plaintiff testified that he did not know until after the accident that Alabama Avenue was a right-of-way street, he relies upon the decision of this court in Glen Falls Insurance Company v. Copeland, La. App., 28 So.2d 145, in which it was held that one on a right-of-way street, while traveling at a lawful rate of speed, has a right to presume that the drivers of other vehicles would not attempt to enter the intersection without observing the stop sign placed there by the City of Shreveport. In the case at bar there was no stop sign. The ordinance simply gave Alabama Avenue right-of-way without requiring a stop by a vehicle on Homer before crossing Alabama, unless traffic on Alabama Avenue demanded. Hence, plaintiff was guilty of contributory negligence in proceeding into an intersection which defendant had entered or was in process of entering.
In the case of Wyche v. Brian, La. App., 28 So.2d 143, 144, this court denied recovery to either party. The plaintiff, driving at a reasonable speed on a right-of-way street, could have seen, but did not see, defendant crossing the intersection until her car was almost upon his own. The court held that plaintiff's failure to look out for traffic barred recovery even though the defendant was negligent in entering the right-of-way street. The defendant's reconventional demands were rejected when the court found that defendant entering the intersection did not see plaintiff's car until the moment of impact, which took place a few feet beyond the center of the intersection. The following quotation from the Wyche case fits the case at bar: "It is evident that neither plaintiff nor defendant saw what could and should have been seen. It is further evident that either plaintiff or defendant could have avoided the accident by exercising even a normal and reasonable degree of care." We conclude, as did *Page 154 
the court in the Wyche case, that both parties were guilty of negligence and that the negligence of each was a proximate cause of the accident. The district court correctly held that neither is entitled to recovery.
The judgment is affirmed. Costs of appeal to be paid by appellant.