DORE, Judge.
This is a suit for damages growing out of an intersectional collision. The collision occurred at the intersection of Eastern Avenue and Eighth Street within the city limits of the City of Crowley, Louisiana, when a truck belonging to H. & G. Furniture Company, being driven by one of its employees, Rodney J. Henry, while acting within the course and scope of his employment, was proceeding in a northerly direction on Eastern Avenue and the defendant Howard Duhon was driving his automobile in a westerly direction on Eighth Street. The plaintiff, Calvert Fire Insurance Company, is the collision insurer of the truck belonging to H. & G. Furniture Company, and the defendant, The National Automobile and Casualty Insurance Company, is the public liability and property damage insurer of the automobile owned by the defendant, Duhon.
The plaintiffs allege that the collision was caused solely by the negligence of defendant, Duhon, in traveling at an excessive rate of speed without maintaining a proper lookout and failing to stop at the intersection of Eastern Avenue and Eighth Street, and in utter disregard of a traffic sign warning defendant to stop, after plaintiff’s vehicle had pre-empted the intersection.
The defendants, on the other hand, allege that the defendant, Duhon, was not guilty ■of any negligence and that the cause of the accident is attributable to the sole negligence of the driver of the plaintiff’s truck, and in the alternative, if found to be negligent, the driver of the plaintiffs truck was guilty of contributory negligence in that he was driving at an unreasonable rate of speed; in failing to give any warning whatsoever of his approach at the intersection, in failing to keep a proper lookout, in failing to recognize the right-of-way of defendant’s automobile which had preempted the intersection and was approaching from the right of plaintiff’s truck, and in failing to have the truck under proper control so that he could avoid turning into the automobile of Howard Duhon which had come to a complete stop.
On the morning of the trial, defendants filed an Exception of Minority, on behalf of the defendant, Howard Duhon, after which plaintiff dismissed the suit in so far as Howard Duhon was concerned.
After the trial on the merits, the lower court rendered judgment in favor of defendant rejecting the demands of plaintiff which were in the sum of $589.95. From this judgment, plaintiffs have appealed seeking a reversal thereof.
It is submitted by plaintiffs that the lower court erred in failing to find that the plaintiff’s vehicle enjoyed a right-of-way by virtue of Ordinance No. 676 of the City of Crowley, Louisiana, or because of thé fact that the plaintiff’s vehicle had pre-empted the intersection.
The lower court in its reasons for judgment, stated that it did not feel compelled to determine which street had the right-of-way, but found that the driver of plaintiff’s truck was guilty of contributory negligence in that he was driving at an unreasonable speed, and in that there was a hedge approximately ten feet high obstructing his view of Eighth Street, which hazard he failed to observe, and further, that on entering the intersection and seeing the defendant’s vehicle, he not only did not apply his brakes, but speeded up his truck and swerved to the left.
Ordinance 676 of the City of Crowley, reads as follows: “That Parkerson Avenue, Eastern Avenue, Avenue F on the *523 south side of First Street to the North side of Sixth Street and Avenue G from the South side of First Street to the North side of Sixth Street and all streets and avenues running East and West in the City of Crowley, Louisiana, are hereby designated as right-of-way streets and avenues.”
The contention of the defense was that the ordinance was confusing in so far as it applied to the intersection of Eastern Avenue and Eighth Street, and that Eighth Street, which runs east and west, had the right-of-way over Eastern Avenue, and, in the alternative, in the event that Eighth Street was not the right-of-way street, then said ordinance was of no effect inasmuch as it is in conflict with Act No. 286 of 1938, Sec. 3, Rule 11.
This Court is of the opinion that the question of which street was the right-of-way street is of no importance in this particular case and shall pretermit the question. However, it shall assume that Eastern Avenue was the right-of-way street and the defendant was negligent in entering the intersection without coming to a complete stop. The only question remaining is whether or not the driver of. the plaintiff’s truck was guilty of any negligence contributing as a direct and proximate cause of the accident.
The testimony in this case is somewhat conflicting and confusing, and the Court has only the 'benefit of the testimony of the drivers of the two vehicles which were involved in the accident. The driver of plaintiff’s truck testified that he was traveling on Eastern Avenue in the City of Crowley at a speed of between twenty to twenty-five miles per hour. He stated that he was familiar with Eastern Avenue where it intersects Eighth Street, and the fact .that it was a 'blind intersection. He stated that he was driving on his right-hand side of the street and when he reached the intersection of Eastern Avenue and Eighth Street, he did not apply his brakes; that he could not see to the right on Eighth Street because there were some tall hedges obstructing his view; that after he entered the intersection, he, for the first time, saw the defendant’s automobile, which was also entering the intersection; that he speeded the truck up and swerved it to the left in an attempt to avoid the accident; that the truck was struck by the defendant’s automobile at or about the right rear wheel and fender. The truck then continued, and its left wheels struck the curb of the neutral ground, somersaulted and came to rest on its left side.
An Ordinance of the City of Crowley which was introduced in evidence provides that trucks shall not be operated at a greater speed than fifteen miles per hour. While the violation of an ordinance regulating speed might not be negligence per se, still if the violation was a contributing cause oLthe accident, the plaintiff cannot recover. The lower court found in interpreting the facts, that the driver of plaintiff’s truck was driving at a much greater speed than he testified. It is well settled that the findings of fact made by the lower court will not be disturbed unless manifestly erroneous.
In the case of Harding v. Hellman, La.App., 158 So. 595, 596, it is stated: “Under the modern practice, the findings of fact by the trial court have attained great importance because, as has been so often stated, the trial court sees the witnesses, observes their demeanor on the stand, and is in a position to determine their credibility. Consequently a finding of fact by a trial court should not be disturbed unless manifestly erroneous.”
The lower court concluded from the physical facts that the driver of the plaintiff’s truck was traveling in excess of twenty-five miles per hour. By the testimony of both drivers, it is shown that the plaintiff’s truck turned a complete end-over-end .flip, and ended up facing in the opposite direction on its left side, approximately sixty-five feet from the point of impact. In the case of Facio v. Bellone, La.App., 39 So.2d 448, 449, the Court said: “The evidence shows conclusively that as Fació approachfcd the corner his speed was not excessive but that the speed of Bellone was quite high. We say that Bellone’s speed was high because after the impact, which occurred in the intersection, his car proceeded a distance estimated as great as 30 to 35. feet, turned completely around. *524 and then turned over. The evidence is so overwhelming on this point that we have no difficulty in concluding that Bellone did not stop and that he entered the intersection at high speed when Facio’s car had either already entered it or was * * * about to enter.”
Further, the driver of plaintiff’s truck testified that he was thoroughly familiar with the intersection, and that the presence of the hedges at the intersection where the ’collision occurred obstructed his view, and in spite of this fact, he continued into the intersection at a speed of from 20 to 25 miles per hour. It is our opinion that even though one is on a right-of-way street, if his view is obstructed at an intersection, it is his duty to drive slowly as to make certain that if another vehicle is approaching he may stop in time to avoid striking it. It is this court’s opinion, therefore, that the unreasonable speed at which the plaintiff’s truck was traveling in excess of the regulation set by city ordinance into a blind intersection was a contributing cause of the accident and bars recovery by plaintiffs.
Plaintiffs further allege that their truck pre-empted the intersection and therefore their vehicle enjoyed a right-of-way. As stated, we assumed that plaintiff’s vehicle had the right-of-way and came to the conclusion that the driver was. contribu-'torily negligent. The fact that one is further advanced into the intersection at the time of the collision does not relieve -him of being contributorily negligent. In the case of Facio v. Bellone, La.App., 39 So.2d 448, the Court said: “It is very true that we have often said that in spite of the right of way provisions of the traffic ordinance, if a vehicle without the right of way enters and preempts an intersection, its driver thus acquires the right to proceed. But in ’cases in which we discussed the question of preemption we have also said, and other courts have said, that preemption does not result solely from arriving a split second ahead of another vehicle. The driver who claims preemption must show that he entered the intersection at reasonable speed so far in advance of the other vehicle that he would not be struck by the ■ other vehicle also proceeding at proper speed. See Sheehan v. Hanson-Flotte Co., La.App., 34 So.2d 657; Pancoast v. Cooperative Cab Co., La.App., 37 So.2d 452.” See also: Culver v. Toye Bros. Yellow Cab Co., La.App., 26 So.2d 296; Driefus v. Levy, La.App., 140 So. 259; Johnson et ux. v. Fabacher et al., La.App., 175 So. 129; Dow v. Brown, La.App., 193 So. 239.
Plaintiffs also contend that after the driver of plaintiff’s truck entered the intersection he did what any other prudent man in like circumstances would do; that is, he sped up and swerved the truck to the left, and the doctrine known as the sudden emergency doctrine should be applied in plaintiff’s favor. This court finding that contributing factor to the accident was the fact that the driver of plaintiff’s truck entered a blind intersection at an unreasonable rate of speed, it is unnecessary to pass upon the reasonableness of the driver’s actions after he entered the intersection.
The defendants filed an exception of no cause or right of action in this court, based on the following reasons:
1. That the assured, Howard Duhon, is not a party to this suit, he having been dismissed from these proceedings.
2. That Act 55 of 1930 grants no right of direct action to The Calvert Fire Insurance Company; that the right of direct action is limited to an injured person or to his or her heirs; that plaintiff not being in either category has no right of action on account of the payment which is claimed to have been made.
3. That under the decision of World Fire & Marine Insurance Co. v. American Automobile Insurance Co., La.App., 42 So.2d 565, writ of certiorari denied by Supreme Court of Louisiana, Jan. 9, 1950, there is no right of action in the said plaintiff;
The court having disposed of the case on the merits, there is no need to take up the exception.
For the reasons assigned, the judgment appealed from is affirmed; all costs to be borne by plaintiff.
N. S. HOFFPAUIR, Judge ad hoc, recused.