69 So.2d 527 (1953)
COMEAUX
v.
BLANCHET.
No. 3761.
Court of Appeal of Louisiana, First Circuit.
December 18, 1953.
Rehearing Denied January 29, 1954.
Writ of Certiorari Denied March 22, 1954.
*528 J. Minos Simon, Lafayette, for appellant.
Bailey & Mouton, Davidson & Meaux, Lafayette, for appellee.
CAVANAUGH, Judge.
This suit is by the plaintiff against the defendant for damages to his automobile truck in the sum of $425 and for the loss occasioned by the non-use of the truck for 13 days in the sum of $40 per day, amounting to $520, or a total sum of $945. The suit grows out of an intersectional collision between a truck owned by the plaintiff and driven by one of his employees while engaged in hauling sand and gravel, and a Plymouth 1952 sedan automobile owned and driven by the defendant. The accident occurred at the intersection of St. Genevieve *529 and Pine Streets on the outskirts of the City of Lafayette on September 22, 1952, when plaintiff's truck was proceeding north on St. Genevieve Street at a rate of speed of between 25 and 30 miles per hour, while defendant was proceeding east on Pine Street at a rate of speed of 20 or 25 miles per hour.
The appellant contends that since his truck was being driven by his employee on St. Genevieve Street and that the defendant was approaching the intersection from his left, that the law created in his favor a rule of right of way of travel which required the defendant to either stop before entering the intersection, or to give way to traffic approaching the intersection from his right, and that since defendant did not keep a proper lookout at all times and keep his vehicle under control and failed to honor the right of way of plaintiff's driver at the intersection, by the statutory law governing the operation of motor vehicles on the public highways, that his negligence in not so doing was the proximate cause of the accident, and that plaintiff owed the defendant no duty to look to his left as he entered the intersection to see if an automobile was approaching from the east.
The defendant denies any negligence on his part and specifically pleads the negligence of the plaintiff, and, by reconventional demand, asserts a claim against the plaintiff in the sum of $22,895 which includes $2,295 for the value of the 1952 Plymouth four-door sedan he was driving and the remainder of his claim is for personal injuries, pain and suffering, medical expense incurred and an item of $300 he claims he expended for rental of a car necessary to carry on his farming operations.
The lower court, by written opinion and judgment, found that the plaintiff and defendant were both negligent and rejected the demand of plaintiff and likewise rejected the reconventional demand of defendant and, by an amended judgment, ordered that the costs be prorated between them.
From the judgment the plaintiff has appealed, and the defendant has answered the appeal asking that the judgment be reversed insofar as it decreed defendant negligent.
The evidence in this case shows that the damage to plaintiff's truck was caused when defendant's automobile ran into its left rear wheel and side near the center of the intersection and from whence it proceeded off the road, striking the pecan tree with such force that it incurred further damage. From the photographs contained in the record picturing the intersection, as well as the testimony of the automobile mechanics who examined plaintiff's truck and defendant's Plymouth automobile, the impact occurred between the left front of defendant's car and the left rear wheel of plaintiff's truck. The impact took place in approximately the center of the intersection. There is some obstruction at this intersection at the time of the year the accident happened on account of the foliage, but the photographs filed in the record would indicate that defendant or plaintiff could have seen the movement of either automobile had they been keeping a proper lookout.
The District Judge based his decision on the case of H. & G. Furniture Co. v. Duhon, La.App., 46 So.2d 521, which related to an intersectional collision in one of the streets in the City of Crowley, wherein the traffic was regulated by municipal ordinance, and in which the plaintiff was travelling on a right of way street but was violating a speed regulation at the time of the accident. In this case, the court does not indicate at what rate of speed the plaintiff was travelling when he entered the intersection, but found that he was driving at a faster rate of speed than 25 or 30 miles per hour.
The evidence in this case shows that the truck and automobile entered the intersection at approximately the same time, and if the automobile had stopped and had complied with this statutory ruling, the accident would not have happened. The *530 defendant admits that he entered the intersection travelling at a speed of between 20 and 25 miles per hour. The defendant did not see plaintiff, and the plaintiff did not see the defendant. The plaintiff testified that he was operating the truck at a rate of speed of 25 to 30 miles per hour when he entered the intersection or just prior to entering the intersection, but when he saw an automobile approaching in his opposite direction and driven by Calais, he slackened his speed. He admits he did not look to his left for approaching traffic.
The District Judge decided that the plaintiff was contributorily negligent because he entered and crossed the intersection at a speed of more than 25 or 30 miles per hour, as testified by him. This inference is drawn from the fact that the truck travelled some 50 or 60 feet subsequent to the impact and struck a pecan tree. This is the reason why the lower court held the plaintiff contributorily negligent.
The pertinent sections of our law governing the operation of motor vehicles approaching or entering intersections is as follows:
"When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have." LSA-R.S. 32:237 of 1950.
Subsection B of this same section reads:
"The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of his vehicle; provided, the driver of the vehicle turning left has given the signal required by R.S. 32:236."
Under the first provision hereinabove quoted, the driver on the right of way street is required to operate the motor vehicle at a lawful rate of speed and in a lawful manner. If he does not comply with this provision of the statute, he forfeits any right of way which he might otherwise have.
We also quote the following from Cyclopedia of Automobile Law and Practice (Blashfield), Volume 2, Section 1022, page 262:
"Drivers of motor vehicles are charged with knowledge that a street intersection is a place of danger.
"The duty to exercise reasonable care towards other travelers, that is, the care an ordinarily prudent person would exercise under the same circumstances, is one which motorists approaching highway intersections are particularly bound to observe; greater care being incumbent on them than is required of persons using less dangerous instruments of travel, and greater care being required in approaching intersections than between street crossings, a high degree of care being required at intersections.
"At such points, the motorist should not only be free of primary negligence in respect of lookouts, speed and and control, signals and similar matters hereafter discussed in considering the specific duties required of those approaching intersections, but he must exercise reasonable care and caution to prevent an accident after actually seeing an approaching vehicle, or when danger is imminent, whether by slowing up, or stopping if need be, or otherwise. The courts have said that generally when two automobiles collide on a clear day at an unobstructed intersection of thoroughfares of equal importance, both drivers are negligent.
"The care and caution required of an automobile driver in approaching and passing over foot crossings of city streets is proportionate to the amount of travel.
"Lack of knowledge by an automobile driver of an intersecting road does *531 not justify him in driving as if it did not exist."
We will apply the law above stated to the facts in this case in order to determine whether the plaintiff was contributorily negligent. He admits he did not look to the left for vehicles approaching the intersection from Pine Street. By this admission, he admits that he was not keeping a proper lookout. If he is charged with knowledge that a street intersection is a place of danger, and he heedlessly drives into one, without keeping a proper lookout to the left, as well as in front and to his right, then certainly he ought not to complain about a collision which, if he had been exercising ordinary care and caution, he could have avoided. The lower court held that this was a blind or semi-blind intersection, and plaintiff, to some extent, argues this point in brief. The photograph marked "D-3" and filed at page 18 of the transcript shows that if plaintiff had been looking to his left, as he approached this intersection, or, if defendant had been looking to his right, as he approached the intersection, each could have seen the other. The camera was placed 23 yards, or 69 feet, south of the intersection on St. Genevieve Street looking north when this photograph was made. The automobile parked on Pine Street some distance west of the intersection is clearly visible. If plaintiff had been looking, we are satisfied he could have seen defendant's car, and, if defendant had been looking, or keeping a proper lookout, he could have seen plaintiff's truck. Both drivers drove into this intersection without maintaining a proper lookout.
Highway rules and regulations governing the operation of automobiles on public highways are safety measures. They are of equal importance and one rule should not have precedence over another. The rule establishing a right of way in favor of automobiles approaching an intersection from the right is not any more important than the rule or regulation requiring a proper lookout and operating a motor vehicle at a proper rate of speed. The fact that plaintiff's truck had the right of way by reason of his approaching from the right did not relieve his driver of the duty to maintain a lookout to the left when entering this intersection.
Plaintiff has cited a number of cases where recovery was permitted where the driver on the right of way, or favored street was held not guilty of contributory negligence because he did not look to the left. He relies particularly on the case of Meredith v. Arkansas Louisiana Gas Co., La.App., 185 So. 498. The appellant in that case saw the defendant's truck approaching, and the defendant saw the appellant's automobile, and appellant had practically perempted the intersection when the defendant's truck ran into the side of appellant's automobile. That situation is not what we have in the case at bar, because neither the plaintiff nor the defendant maintained any lookout at all before entering the intersection. Since the Court of Appeal, Second Circuit, decided the case of Meredith v. Arkansas Louisiana Gas Co., supra, it held to the contrary in Wyche v. Brian, La.App., 28 So.2d 143:
"A motorist must be held to duty of seeing what he should have seen.
"Where facts disclosed that plaintiff driving automobile at reasonable speed on right-of-way street could have seen defendant motorist crossing intersection and that defendant made no attempt to continue a lookout for traffic on right-of-way street, notwithstanding defendant could have brought her automobile to almost immediate stop, plaintiff and defendant were guilty of concurrent negligence which was proximate cause of accident, and neither could recover for resulting damages."
and in Dickinson v. Hammett, La.App., 30 So.2d 152:
"Where both motorists failed to observe the other at intersection and took no steps to avoid the collision until moment of impact, both motorists were guilty of negligence, which was proximate cause of accident, and neither *532 could recover for the resulting damages."
Our own decisions in cases of this kind arising out of intersectional collisions have uniformly required that drivers approaching or entering an intersection, whether on the favored highway or not are required to maintain a proper lookout. Gray v. Southern Auto Wreckers, La.App., 166 So. 154; Wilkinson v. Great American Indemnity Co., La.App., 43 So.2d 22; Lake Charles Stevedores, Inc., v. Streater, La. App., 6 So.2d 242.
The plea of contributory negligence to plaintiff's right to recover was properly sustained.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.