AYRES, Judge.
In this action plaintiffs, Harrison M. Rachow and his collision insurer, seek to recover the sum of $107.37 from the defendants, C. Q. Ringwald, his wife, Helen H. *175 Ringwald, and their insurer, for damages sustained to the Rachow Ford automobile as the result of a collision occurring at the intersection of Walnut and Pine Streets in the City of Monroe during the noon hour on March 16, 1955.
From a judgment rejecting plaintiffs’ demands, an appeal was taken to this court.
Walnut Street is a right of way street and traffic on Pine Street is required by City ordinance to come to a stop before entering its intersection with Walnut Street. At the time of the accident plaintiff Rachow was driving his automobile north on Walnut Street and Mrs. Ringwald was driving the Ringwald Dodge east on Pine Street. Plaintiff charges the defendant, Mrs. Ringwald, with negligence in proximately causing the accident in failing to observe the stop sign on Pine Street and in driving her automobile into the aforesaid intersection without first coming to a stop and ascertaining that it was safe for her to do so; in failing to yield the right of way to plaintiff’s vehicle when she saw, or should have seen, his automobile entering the intersection; in driving her vehicle directly into the path of the plaintiff’s oncoming automobile and in failing to keep a proper lookout or to keep her car under proper control.
Plaintiff’s contentions were controverted by the defendants, who alleged that the sole and proximate cause of the accident was the negligence of the plaintiff in failing to maintain a proper lookout or to have his automobile under proper control, in driving at an excessive rate of speed and in failing to accord the defendant, Mrs. Ringwald, the right of way at the intersection, which it was claimed she had previously entered and pre-empted. In the alternative, defendants plead that plaintiff Rachow, in the aforesaid respects, was guilty of contributory negligence.
The sole question presented for determination is whether the defendant, Mrs. Ringwald, was negligent and, if so, whether plaintiff Rachow was guilty of contributory negligence. The drivers of the two automobiles involved were the only witnesses to the accident. The record establishes that Mrs. Ringwald was driving east on Pine Street and, upon approaching the intersection of said street with Walnut Street, she brought her car to a stop behind another car, also proceeding east on Pine Street, which had stopped and was awaiting the clearance of traffic in the intersection; that after the forward car had proceeded across the intersection, she advanced her vehicle to the intersection and came to a stop, after which she looked in both directions, first to the south and then to the north, and, seeing no cars approaching, proceeded to cross the intersection. She stated, however, that she could not see “too far” to the south because her view was obstructed by cars parked on a used car lot on the corner. ' Mrs. Ring-wald further testified she did not see plaintiff’s vehicle before it struck her car on the right front fender, then advanced slightly beyond the middle of the intersection. Her belief was that her view was further obstructed by the presence of another car parked at the curb on Walnut Street in the direction from which plaintiff’s car was approaching.
It could not be seriously disputed that Mrs. Ringwald was guilty of negligence in failing to observe the approach of plaintiff’s vehicle. Plaintiff’s testimony that he was proceeding at approximately 20 miles per hour is not controverted and such speed is well within the limits as provided by ordinance. The cause of Mrs. Ring-wald’s failure to observe plaintiff’s car, whether due to a blind corner or to her failure to look, is immaterial. Had she been keeping a lookout and making proper observation, she would have no doubt seen plaintiff’s car. It was approaching the intersection and was there for her to see. The jurisprudence is well settled on the proposition that a motorist is held to the duty of seeing what he should have seen, and that a motorist, when confronted with a stop sign erected by the proper officials of a city, in addition to being legally obligated to bring his vehicle to a stop before entering a right of way street, is held to the duty of appraising traffic conditions in the intersection and of making certain that the way is *176 clear for him to make a safe passage across the intersection. In merely stopping his vehicle before entering an intersection, he has performed only half of the duty which the law imposes upon him. To stop and then proceed into the intersection in the immediate path of approaching traffic constitutes gross negligence.
Pertinent here is an expression of this court through the late Judge Taliaferro in Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145, 147:
“A motorist, before attempting to cross a right of way street, is legally required to bring his own car. to a complete stop on the less favored street so that he may observe traffic conditions in both directions. It has often been held that for a motorist to merely stop before attempting to enter a right of way street, he performs only one-half the duty that rests upon- him. To stop .and then proceed forward without having.sufficient opportunity to determine if it is safe to do so, is negligence of a gross character, and renders the person guilty of such responsible for damages resulting therefrom.
“According to defendant’s own pleading and testimony, from the position he was in when' he stopped west of the intersection, he was unable to clearly observe traffic conditions northerly on Fairfield Avenue, but notwithstanding this inability he undertook to cross the intersection, taking the chance that resulted in the collision.”
A similar conclusion was reached in Mese v. Summers, La.App., 170 So. 510, 512, wherein it was stated:
“Although plaintiff was entering and crossing a right of way street, yet he admits that he did not see this yellow cab coming toward the intersection until he was struck north of the center. Obviously, he was not keeping a proper lookout. The driver of a car crossing a right of way street must exercise that degree of care commensurate with the superior right, of the driver on the right of way street. This implies that the driver, when crossing a right of way street, must exercise care in observing the cars on the right of way street so as to determine their speed, position, and manner of operation.”
See also Hooper v. Toye Bros., Yellow Cab Co., La.App., 50 So.2d 829; White v. Glass, La.App., 78 So.2d 57.
Defendants’ contention that Mrs. Ringwald had pre-empted the intersection is not established by the evidence. As stated heretofore, she was on an unfavored street while plaintiff was traveling on a right of way street. The accident occurred in plaintiff’s lane of traffic when the Ring-wald car had proceeded slightly beyond the middle of the intersection. Under the circumstances, Mrs. Ringwald entered the intersection without sufficient time or opportunity of completing said crossing without obstructing traffic proceeding under normal and reasonable circumstances and conditions on the right of way street. Moreover, where an intersection involves the passage across a favored street, an obligation of unusual care and caution oh the part of drivers of vehicles on the less favored street shoüld be enforced. Butler v. O’Neal, La. App., 26 So.2d 753. That Mrs. Ringwald failed to exercise that degree‘of'caution required under the circumstances is amply shown by the record. We, therefore, conclude that Mrs. Ringwald was guilty of negligence.
The issue is, therefore, narrowed to the proposition of contributory negligence vel non on the part- of plaintiff. Plaintiff Rachow’s version of the accident is that he was proceeding north on Walnut Street during the noon hour, ' He contends he was driving in a line of traffic two car-lengths behind the car in front of him, followed by other cars proceeding in the same direction; that, as he approached the intersection at approximately 20 miles per hour, he met a car leaving the intersection and traveling south, It is his position that the Ringwald car came into the intersection from behind this car, which, constituted an *177 obstruction to his view and prevented. his seeing the defendants’ car until after .it had reached.the middle of the intersection. At that time plaintiff’s car was entering the intersection. The only possible conclusion that may be drawn from the facts is that plaintiff, driving at a reasonable ráte of speed on a right of way street, could have seen, but did not see, the Ringwald car crossing the intersection until the defendant car was slightly beyond the middle of the intersection, from which the ultimate conclusion necessarily follows that plaintiff was not keeping a proper lookout, otherwise, he would have taken precaution to have avoided the accident, which, at his rate of speed, it would appear he had ample time to do. Such conduct on his part constituted negligence constituting a proximate cause of the accident, and although such negligence was concurrent with the negligence of the driver of the defendant automobile, he is precluded from recovering damages resulting from the collision. It was so held in Wyche v. Brian, La.App., 28 So.2d 143, where the actions of the plaintiff are strikingly similar to plaintiff’s actions in this case. That case involved a collision between plaintiff’s vehicle, proceeding north on Greswell Street, a right of way street, in the City of Shreveport, and defendant’s vehicle, entering an intersection with Wilkinson Street, an inferior street. There, defendant brought her automobile to a stop before entering the intersection, from which point, she testified, she did not observe any traffic approaching on the right of way' street. She then -proceeded into the intersection but did not see plaintiff’s car until the moment of the impact,' which took place a few feet beyond the center of the intersection. Plaintiff testified ’he did not see defendant’s automobile until he was about six feet away. There- was no obstruction that interfered with the view of either • plaintiff or defendant: It-was Reid that had either been keeping a proper and reasonable lookout, the approach of the other could have been observed. The court stated, 28 So.2d 144:
“Plaintiff in this, case is barred from recovery despite the negligence of defendant by the fact that he, too, was guilty of the same character of negligence in failing to keep a proper lookout and to see what he should have seen. In Stuckey v. Hayden, La.App., 3 So.2d 443, the Court stated this rule of caution to the effect that the right-of-way which a motorist is accorded on a through street did not confer upon him the correlative right to ignore the rights of others.”
Consequently, both parties were found guilty of concurrent negligence constituting the proximate cause of the accident and both were barred from recovery.
To the same effect was the holding in Dickinson v. Hammett, La.App., 30 So.2d 152. See also Comeaux v. Blanchet, La. App., 69 So.2d 527, wherein our -learned brethren of the First Circuit Court of Appeal, after quoting from decisions of this court, cited Gray v. Southern Auto Wreckers, Inc., La.App., 166 So. 154; Wilkinson v. Great American Indemnity Co., La.App., 43 So.2d 22, and Lake Charles Stevedores, Inc., v. Streater, La.App., 6 So.2d 242, and concluded:
“Our own decisions in cases of this kind arising out of intersectional collisions have uniformly required that drivers approaching or entering an intersection, whether on the favored highway or not are required, to maintain a proper lookout.” [69 So.2d 532.]
As justifying his failure to see the defendant’s car, plaintiff contends that as he was entering the intersection he met a car - leaving the intersection proceeding south on Walnut Street which obscured and obstructed his view Of the Ringwald car until it had advanced slightly beyond the middle of the intersection. ,-The physical facts tend to refute this contention. In the first place, plaintiff was traveling about 20 miles per hour,' whereas the Ringwald car, having to start from stop, would necessarily have had to travel a greater distance across the intersection than plaintiff traveled, continuing, uninterrupted at his rate of speed. Therefore,, if plaintiff met such other car, it had, *178 in all probability, already cleared the intersection in time for Mrs. Ringwald to proceed from a stop position into the intersection and well therein when plaintiff made his entry. It is, therefore, evident that plaintiff could have seen the Ringwald car before it had advanced to the middle of the intersection. He does not contend there was any other obstruction to his view.
We conclude, therefore, that plaintiff was guilty of the same character of negligence in failing to keep a proper lookout and to see what he should have seen, as was •charged to defendant, Mrs. Ringwald. The mere fact that the right of way was accorded him while traveling on a through street •did not confer upon him any additional right to ignore the rights of others. His negligence aforesaid contributed directly to the accident and, accordingly, the plea •of contributory negligence is well founded and is sustained.
Accordingly, the judgment appealed is affirmed at appellants’ cost.
Affirmed.