GLADNEY, Judge.
This appeal presents an action for property damages sustained in an automobile collision which occurred after dark on June 19, 1955, on South Main Street in Spring-hill, Louisiana. After a trial of the case on its merits, there was judgment in favor of plaintiff, subrogee of its insured, Jewell Nix, against defendant, public liability insurer of Dewey Butts. Defendant has appealed, assigning error to the decree in holding: that Dewey Butts was guilty of any negligence constituting a proximate cause of the accident, and that Jewell Nix was not guilty of contributory negligence.
At the time above mentioned Dewey Butts, accompanied by Raydell Smith, was traveling north on South Main Street, and Jewell Nix, accompanied by Peggy Sue Edwards, was driving south on said street. The automobile collision occurred partially in the west lane of traffic while Butts was attempting a left turn into the driveway of The Dothal House, a drive-in restaurant located off the west side of South Main Street. The place at which Butts sought to enter the driveway was about thirty to forty yards south of an intersection controlled by an electric traffic signal light. Prior to commencing his left turn, Butts signalled his intention to do so with directional blinker lights, and when the accident happened he had completed his turn to such an extent that only the rear wheels of his automobile were occupying the west lane of traffic on South Main Street. There is no serious dispute as to the aforestated facts.
The appellee charges Butts was negligent in that he turned left into the path of Nix’ automobile on a straight street, under circumstances that did not afford Nix an opportunity to stop, due either to the fact that he did not see the Nix vehicle in time or, if he did see it, he misjudged the distance the vehicles were apart or the speed of the Nix automobile. Appellant answers with the assertion that Nix was at fault in several particulars which brought about the collision, averring: excessive speed, improper control of his motor vehicle, failing to maintain a proper lookout, and in running a red traffic light.
Forasmuch as defendant makes no counterclaim for damages, but alleges negligence by Nix was the sole cause of the accident and, pleading alternatively, charges Nix with contributory negligence and that he had a last clear chance to avoid the accident, the defense is in essence one of confession and avoidance. Consequently, we pretermit a discussion of the issue relating to defendant’s negligence, and address our principal inquiry to the determination of whether vel non any negligent acts of Nix contributed to the accident.
Nix and his companion testified as they approached the intersection north of The Dothal House a traffic signal light controlling that intersection was green for southbound traffic. Nix further testified he saw the automobile driven by Butts when he was *404 about thirty to forty yards away and a short distance north of the intersection, and at that time Butts was in front of The Dothal House with his blinker lights on, signalling his intention to make a left turn into the driveway across the street. Nix and Miss Edwards testified that as they crossed the intersection they were traveling about twenty or twenty-five miles per hour. Nix testified also that he slowed down when he saw Butts signalling and the latter did not actually begin turning until the two vehicles were about twenty yards apart, at which time Nix testified he applied his brakes and attempted to bring his automobile to a stop.
Butts and his passenger, Raydell Smith, testified that when the turning movement was commenced Nix’ automobile was north of the intersection and at that moment the traffic light at the intersection was red.
Additional testimony was given by Joe David Williams, who observed Nix’ automobile just before the collision and estimated its speed at about forty miles per hour. He stated the impact was sufficient to knock Butts’ automobile several yards to the south and into his own vehicle which was moved about a foot. E. T. Barnard, a city police officer, testified Butts’ car was knocked into the Williams automobile and the two vehicles were moved in the manner about as testified to by Williams. He fixed the point of impact as being about two feet from the west curb.
In assigning reasons for judgment, the trial court stated the negligence of Butts was apparent from the fact that he had turned left in the lane of traffic of the automobile being driven by Nix, and that the only serious question presented was the contributory negligence of Nix, in that Nix did not heed the warning of an overhead traffic signal light at the intersection, that he went past the intersection when the light was red to him, that he was not keeping a proper lookout, that he was apparently going too fast, and that he could have avoided the accident. While commenting that the burden of proof was upon the party making a special plea of contributory negligence, the judge a quo found the testimony relative to whether Nix ran a red light or not was a standoff, that other charges were not substantiated, and that .consequently defendant had failed to substantiate the plea of contributory negligence.
Taking exception to the court’s stated inability to determine whether Nix ran through a red light just before the accident occurred, counsel for appellant insists that error was committed in that, notwithstanding the court’s inability to resolve this coñtrolling' factual issue, it held that the defendant’s driver did not ascertain that he could make a" left turn with safety and was, therefore, guilty of negligence. We think the argument is not entirely sound. Although unquestionably the general rule is that a plaintiff who claims damages must allege and prove the facts necessary to establish defendant’s negligence upon which he predicates his demand, it is also a recognized principle of law that the one pleading contributory negligence on the part of a plaintiff must bear the burden of establishing such plea by a preponderance of the evidence. In the instant case we are of the opinion that plaintiff established a prima facie case in its favor when it adduced evidence showing that Butts was engaged in executing a left turn and an accident occurred in Nix’ lane of traffic. The provisions of the state highway regulatory statute require that a driver shall ascertain before turning upon any highway that there is no traffic approaching from either direction which will be unduly delayed and shall yield the right-of-way to such approaching traffic and not attempt to make a turn unless the way is clear. See: LSA-R.S. 32:235, subd. A, 32:236, subd. A, and 32:237, subd. B. The defendant alleged as a part of its affirmative defense and in support of a plea of contributory negligence that at the time Butts commenced his turning movement the traffic light was red. The contention is that Nix ran a red light, except for which the left turn could have been completed with safety. Whether or not Nix did run the red light is, therefore, pertinent to the plea *405 of contributory negligence and the burden of proof rested upon the defendant to sustain this issue by a preponderance of the evidence.
After reviewing the record we are unable to determine with legal certainty that Nix ran the red light or that he was traveling at an excessive rate of speed. On the other hand, we think it is clear that Nix was negligent and that his negligence was a contributing factor to and a proximate cause of the accident, in that after observing the left turn signal being given from a distance of thirty yards or more, he did nothing more than to reduce the speed of his vehicle to twenty miles per hour. In the instant case the testimony of not only Butts and Smith, but also that of Nix, preponderates to prove Nix had ample distance to anticipate the turning maneuver by Butts and that Nix actually observed the blinking of the Ford lights signalling the left turn. From such a distance and traveling at the rate of speed which Nix claims for his vehicle, from twenty to twenty-five miles per hour, it was the grossest sort of aiegli-gence not to bring his vehicle under more complete control and thus avoid the collision which occurred. Certainly, if Nix was fully observant of the maneuver by Butts, to which he did, in fact, testify, his negligence in not yielding his right-of-way and permit Butts to complete the maneuver was a proximate cause of the accident and a bar to the recovery of damages by plaintiff. H. & G. Furniture Co. v. Duhon, La.App. 1950, 46 So.2d 521; Dickinson v. Hammett, La.App.1947, 30 So.2d 152; Fletcher v. Allstate Insurance Co., La.App., 88 So.2d 445.
We are reluctant to reverse the findings of fact by the trial judge, but in this instance we feel impelled to do so. For the reasons above assigned, we are of the opinion that the accident was due to negligence-of plaintiff, which was a proximate cause of the accident. The judgment from which appealed is reversed and set aside and plaintiff’s action is dismissed at its cost.