Plaintiff sued to recover the value of a cow alleged to have died of poisoning as the result of eating commercial fertilizer, a poisonous substance alleged to have been made accessible by the negligence of defendant's employee.
It is claimed that on or about July 5, 1942, plaintiff's Jersey milk cow, while grazing on the public range, ate a quantity of nitrate of soda, which had been spilled outside of defendant's fence by defendant's employees while unloading the same onto the premises of defendant.
The record discloses that prior to the date fixed upon which the death of the animal occurred, defendant's employees had been occupied in unloading sacks of nitrate of soda to be used as fertilizer upon the premises of the defendant. Plaintiff claimed that a portion of the nitrate of soda was spilled outside of the fence of defendant on public property adjacent to the roadway; that the cow in question, which was allowed to run on the public range, was attracted by the substance which resembled salt, ate the same and died as the result thereof.
It is established that nitrate of soda is poisonous, and that the eating of the same could have been responsible for the death of plaintiff's cow. However, we are impressed with the fact, as was the trial Judge, that plaintiff has failed to establish with sufficient certainty the facts which would entitle him to recovery.
The chain of circumstances from which plaintiff would establish his right to recovery rests upon purely circumstantial evidence. It is indeed true that plaintiff has established a hypothetical case, but it is equally true that the conclusion remains predicated upon hypothesis alone.
There is no direct testimony in the record to show that the cow died of eating nitrate of soda, and, as a matter of fact, the conclusion which would indicate that the cow had actually eaten any substance resembling nitrate of soda, rests upon a rather *Page 826 
vague and uncertain identification of the cow by one single witness.
The probabilities are in favor of the contentions made by plaintiff, but probabilities alone are not sufficient. As has been many times stated, courts are bound by facts established by the evidence, not by percentage, speculation or likelihood.
Since we are quite in accord with the finding below, that plaintiff has failed to establish his allegations by a preponderance of the testimony, it is unnecessary to discuss the law which would be applicable to plaintiff's right to recover as cited in brief of plaintiff's able counsel.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.