In August, 1944, plaintiff purchased from Dean Craft the pine timber measuring 10 inches and over in diameter on 44 acres of land in Beauregard Parish. In November, 1944, said Dean Craft sold for pulpwood to the defendant Archie Ashworth the pine timber measuring 10 inches and under on 30 acres of said land.
The plaintiff alleges in his petition that the defendant Ashworth, acting as the agent and employee of the other defendant, the International Paper Company, entered upon said land on which the timber was located and cut and removed therefrom pine timber measuring 10 inches and up to the extent of 56,387 feet; that the defendant Ashworth delivered the timber to the paper company for pulpwood, and which timber was used by said company in its manufacture of paper; that the said timber was cut under the supervision of one E.T. Bailes, who was acting as agent for the paper company; that the cutting and removal of said timber was in bad faith on the part of Ashworth and the representative of the paper company, and plaintiff asks for a judgment for the manufactured value of said timber, which he fixes at $35 per thousand feet, or a total of $1,973.47. In the alternative, in case it is found that said timber was not cut and removed in bad faith, then he asks for the stumpage value which he alleges to be $10 per thousand feet.
Ashworth and the paper company filed separate answers. The paper company denied that it had any knowledge of the cutting and removal of plaintiff's timber. It alleged that it purchased pulpwood from Bailes, and alleged that its relationship to Bailes was that of vendor and purchaser, and that Ashworth was not an employee or agent of the paper company. Ashworth denied cutting any timber other than that measuring 10 inches and under which he purchased from Craft for pulpwood.
The trial judge rendered a judgment in favor of defendants, dismissing plaintiff's suit. The plaintiff has appealed.
The plaintiff concedes that he has failed to prove that Ashworth was an employee of the paper company, or that Bailes, who purchased the timber from Ashworth, was the representative of the paper company. The defendant Ashworth admits that he went upon the land and cut pulpwood in the fall of 1944, but he denies that he cut any timber on the land over 10 inches in diameter. He testified that he cut this pulpwood *Page 775 
from the timber which he bought from Craft under 10 inches in diameter and delivered this pulpwood to Bailes and the pulpwood was loaded by him in cars at Merryville and shipped to the International Paper Company. The evidence shows that all the timber that Ashworth cut from the land was shipped to the paper company, the sole issue in the case being whether or not Ashworth cut any timber belonging to plaintiff measuring over 10 inches in diameter. The plaintiff concedes that the paper company was not guilty of bad faith in purchasing the pulpwood which Ashworth cut from the land, but he seeks to hold the paper company liable for the stumpage value of the timber cut from the land over 10 inches on the ground that the timber lost its identity by being processed into paper by the paper company, thereby rendering said company liable to him for the stumpage value of the timber.
On the vital question of whether or not Ashworth cut any timber over 10 inches in diameter, the plaintiff relies largely on circumstances, as no one actually saw Ashworth cutting timber which belonged to plaintiff. The plaintiff testified that he went on the land to cut his timber in August, 1945, and found that practically all of his timber had been cut and removed. He went on the land and counted and measured the stumps, and from these stumps calculated that 56,385 feet of pine timber had been cut which measured over 10 inches in diameter. The plaintiff, who is a sawmill man, used a rule which he says is accepted by sawmill men in determining the number of feet in the trees cut by measuring the stumps. In his testimony, he gives the size and number of logs which he claims were cut from this land, and it would seem that his calculations are sufficiently accurate to determine with reasonable certainty the number of feet of the dimensions which he claims.
The most serious question, however, is whether or not he has proved that the defendant Ashworth cut this timber over 10 inches in diameter. The strongest circumstance to prove that Ashworth cut the timber is the fact that Craft and another man, both of whom lived near the timber, testified that they saw no one else cutting timber from the land except Ashworth. The timber was on the land when plaintiff bought it on August, 1944, and it was cut between that date and August of the following year. While there is no testimony to positively show that all the timber was cut at the same time, the testimony does indicate that all of the timber was cut about the same time.
Craft and another man, who lived a short distance from where the timber was cut, saw Ashworth hauling timber over the road which runs through the land, but neither of them could state that the timber which Ashworth was hauling was large timber, but on the contrary, one of them stated that the timber he saw Ashworth hauling was small timber. The timber was hauled in the day time and over a road which runs through the community to Merryville, and it is rather difficult to understand how Ashworth could have cut and hauled this amount of saw-log timber over this public road during a period of two or three months without some one knowing something about it. An agent of the paper company testified that Bailes was not an employee of the paper company; that Bailes sold pulpwood to the company and made an affidavit of ownership; that the company bought wood from Bailes shipped from Merryville in the fall of 1944, and paid him $8.35 per cord. He further testified that the company did not accept pulpwood less than four inches in diameter, and if the wood is 15 to 16 inches in diameter, or more, it had to be split for pulpwood.
Bailes was in court when the case was tried, and we do not know why he was not called by either side. He was the man to whom Ashworth claims he sold and delivered the pulpwood which he cut from the Craft land, and he was also the one who sold the wood to the paper company. It does seem that he could have shed some light on the kind and size of the timber which Ashworth delivered to him at Merryville.
Another significant circumstance in this case which we are not able to understand fully is the fact that when Craft sold the pulpwood to Ashworth on November 4, *Page 776 
1944, it is stated in the bill of sale that Craft sold 66 cords for $100, yet Ashworth testified that he cut and delivered at Merryville eight carloads of wood for which he received $90 per car, or a total of over $700. The record does not show how many cords were in a car, or how many cords he cut from the land.
[1, 2] We would say that the facts and circumstances create a rather strong suspicion that Ashworth cut and removed some timber belonging to plaintiff, but the record falls short of the requisite legal proof. Judgments cannot be based on suspicious circumstances, and we are unable to point out any manifest error in the findings of the trial judge who dismissed the suit for lack of certainty in the proof.
For the reasons assigned, the judgment appealed from is affirmed at the cost of plaintiff in both courts.