49 So.2d 458 (1950)
MORRIS
v.
VINING.
No. 7586.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1950.
*459 Warren Hunt, Reyville, for appellant.
Frank Voelker, Jr., Lake Providence, for appellee.
HARDY, Judge.
This is a suit in which plaintiff claims the ownership of two head of cattle and the natural increase thereof, which at the time of trial apparently consisted of two calves. Defendant opposed plaintiff's claims of ownership and asserted his own. After trial there was judgment by the Court in which one cow and one calf were awarded plaintiff and one cow and one calf were awarded defendant. From this judgment defendant has appealed.
Prior to the institution of this suit, upon the insistence of defendant, Vining, and by order of the Court, the cattle whose ownership is here under dispute were impounded and committed to the care and custody of E. H. Ragus, who since such order has retained custody of the animals.
Conceding the good faith of the parties the question of ownership is so involved, the evidence so conflicting, that we can quite understand the observation of the District Judge in his written reasons for judgment to the effect that the Court had been placed in a serious dilemma.
We feel that no useful point would be served in reviewing the testimony of the several witnesses tendered by the parties plaintiff and defendant, all of whom appear to have been in good faith. The fact remains that the witnesses for plaintiff testified on the basis of facts within their knowledge that the cattle belonged to plaintiff, while those for defendant testified on the basis of facts within their knowledge that the cattle were the property of defendant. There is no possible opportunity to reconcile the conflict of testimony and as the basis for our ultimate conclusion we submit the following quoted extracts from the opinion of the District Judge:
"The Court is frank to say that at the conclusion of the trial the testimony was so finely balanced, there was really no way to actually determine which side had the preponderance of evidence * * *.

* * * * * *
"The Court has quoted and commented on the testimony of several witnesses for the plaintiff, but will state that a careful and intensive study of the testimony for witnesses of defendant Vining reveals that their testimony is equally as emphatic and persuasive as that of plaintiff's witnesses.

* * * * * *
"This Court has read over the entire record three times in an effort to arrive at some enlightening conclusion relative to the credibility, weight, sincerity, as well as other factors that enter into the testimony of a witness or witnesses, and it has decided that, as far as it can determine, there is no possible reason for accepting the testimony of one group of witnesses, or any particular witness, over the other group or any particular witness thereof. In other words, the evidence has convinced this Court that the matter is a stalemate with nothing to assist it in determining it in favor of either litigant."
On the basis of the above and other similar expressions our distinguished brother of the District Court in an obviously commendable effort to resolve the question in an equitable fashion, rendered the judgment which, in effect, divided the subject matter of the litigation between the litigants. Fortunately, the "natural increase" permitted what appears to have been an even division.
Despite our wholehearted and sincere approval, from the standpoint of equity, of the Solomon-like judgment of the District Court, we are constrained to apply the long established principle of law that a plaintiff is required to prove his case by a reasonable preponderance of the evidence. Concededly this has not been done in the opinion of the District Judge, and we are committed to the same belief. It therefore follows that there must be judgment for the defendant.
*460 Accordingly, it is ordered that the judgment appealed from be reversed and set aside and there is now judgment in favor of defendant rejecting plaintiff's demands at his cost.
It is further ordered, adjudged and decreed that defendant, C. L. Vining, pay all costs incurred by E. H. Ragus as custodian of the cattle involved in this suit during the period of their impoundment.