BAILES, Judge.
In this action plaintiff seeks to recover $825.00 as the balance due on a verbal contract with the defendant for performance of roof repair work on an apartment complex owned by defendant. By reconventional demand defendant sues to recover the sum of $500.00 paid to plaintiff during the progress of the work.
The trial court awarded plaintiff judgment in the amount of $825.00, as prayed for, and rejected defendant’s reconventional demand. Defendant appeals. We affirm on a finding that the trial court’s judgment is not manifestly erroneous.
Plaintiff alleges he is engaged in the roofing business; that in August, 1969, he was hired by defendant, through its agent and employee, Mr. Larry Zion, to perform certain repair work on the Marsailles Apartments; that the total price of the job was $1,325.00, of which he was paid $500.00 and the defendant owes 'him a balance of $825.00, together with legal interest from date of judicial demand.
*689 In its answer, defendant admits plaintiff was hired to perform certain repair work as alleged but denies that it owes plaintiff anything, and by reconventional demand seeks recovery of $500.00 paid on the contract during the progress of the work. As a basis for resisting payment of the amount plaintiff sues for and for recovery of the $500.00 already paid, defendant (plaintiff in reconvention) alleges:
“7.
“In and about August, 1969, defendant in reconvention held himself out to plaintiff in reconvention to be an expert roof repair man. As a result of his representations, plaintiff in reconvention engaged him to repair the roof of one of its apartments so that water, which accumulated on the roof due to precipitation, would not spill over the guard rails and over the side of the building and into the courtyard.
“8.
“Defendant in reconvention assured plaintiff in reconvention that he could and would perform this job and rendered plaintiff in reconvention an estimate and statement of what he would do. Based thereon, plaintiff in reconvention paid defendant in reconvention the sum of FIVE HUNDRED AND NO/100 ($500.-00) DOLLARS, however, whatever the defendant in reconvention did, if anything, it was done in such a poor workmanlike manner that the situation for which he was hired was not corrected.”
Plaintiff (defendant in reconvention) denies the above allegations of the recon-ventional demand and alleges that the work was done in a satisfactory manner.
Plaintiff testified he contracted verbally to perform the work he did for a price of $1,325.00 and that the work performed conformed to the written estimate, a copy of which he produced. This estimate details the following:
Repair to Shingles $ 75.00
Repair all gravel guard, leaks on roof, sweep all rock back and repair with hot asphalt 1,000.00
Labor and materials 250.00
$1,325.00
When cross-examined by defendant’s counsel relative to defendant’s alleged agreement with plaintiff for the latter to repair the roof so that water from the roof would not spill over the guard rail and over the side of the building and into the courtyard, or for the installation of gutters to prevent water spilling into the patio area, plaintiff testified that he had quoted Mr. Zion a price for the installation of the gutters, however, he was not contacted to do this work. Specifically defense counsel questioned plaintiff as follows :
“Q Is it your testimony that you were not hired to correct the situation which caused water to run off the roof and into the patio and down the steps? You were not asked to correct this at all?
“A No, sir. In fact, there would be no way that we would correct it except by putting up new gutters on the patio section. You couldn’t correct it.”
One of the plaintiff’s employees, Bobbie Mays, testified that he was a member of the work crew on this job and that they worked from ten days to two weeks. He corroborated the plaintiff in that the work on the roof, gravel guards and gutters was performed.
On behalf of the defendant, Mr. Zion testified that plaintiff was engaged by defendant to perform work necessary to correct the problem of water coming into the patio apparently from the roof and also water leaking into the interior of the buildings; that the condition of water coming into the patio was not corrected nor were the leaks around the dormers. He further testified that defendant engaged Mr. William Twickler to install the gutters in the *690 area of the patio and that this did correct the faulty situation.
The following testimony was elicited by the Court of Mr. Zion:
“The Court:
“When you told him (meaning plaintiff) to correct the situation, what were you demanding him to do ?
“Witness:
“Well, we had some leaks on the inside of the building, and this was from the flashers (sic) being in need of repair, and this was the only situation we were interested in.
“The Court:
“And you’re saying now that the flashing at the time continued to leak?
“The Witness:
“Still does.”
In its brief, defendant argues that plaintiff should not prevail because of his failure to sustain the burden of proof. Although conceding that plaintiff is not required to prove his case to a certainty, he correctly maintains that plaintiff must establish his case by a fair and reasonable preponderance of the evidence, citing the cases of Morris v. Vining, La.App., 49 So.2d 458 (1950), and Coltharp v. Hearin Tank Lines, Inc., 239 La. 445, 118 So.2d 881 (1960). In the latter case, Justice Viosca, speaking for the Supreme Court, stated:
“ ‘As Judge McBride, speaking for the Orleans Court of Appeals, in the recent case of Fourchea v. Maloney Trucking & Storage, Inc., 88 So.2d 82, and citing Edwards v. Shreveport Creosoting Co., Inc., 207 La. 699, 21 So.2d 878, said:
“ ‘ “To prove a case by a preponderance of the evidence simply means evidence must be produced which is of greater weight or is more convincing than that which is offered in opposition to it.”
“ ‘And Wigmore on Evidence, Vol. 4, 2d Ed., P. 308, says:
“ ‘ “Credibility does not depend on numbers of witnesses * * * ”.
“ ‘ “In general, the testimony of a single witness, no matter what the issue or who the person, may legally suffice as evidence * * * ” ’ ”
The trial court assigned these reasons for judgment:
“After hearing the evidence, the Court is of the opinion that plaintiff has clearly carried the burden of proving that he did perform roof repairs for the defendant and that he is entitled to payment of $825.00 for those repairs.
“Defendant has alleged that work on his roof was not done in a workmanlike manner, but he has failed to prove this to the satisfaction of the Court. Therefore, his reconventional demand should be dismissed.”
This case presents for decision only questions of fact, and in order for this court to reverse the trial court we must find that the determination of fact by the trial court is so unsupported by the evidence adduced as to be manifestly erroneous.
We have carefully perused the record and considered the adverse contentions of the parties. We do not find that the trial court committed manifest error in awarding judgment in favor of plaintiff as prayed for and in rejecting the reconventional demand of the defendant.
For the foregoing reasons, the judgment appealed from is affirmed, at appellant’s cost.
Affirmed.